# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00043-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MATTHEW COREY DUNCAN ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 32].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum includes detailed sensitive and private personal information concerning his background, including medical information for his parents. [Doc. 32].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on November 10, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be

allowed to be redacted. Id. at 492. Here, the Defendant's Memorandum and exhibit thereto contain the identities of and information regarding his family members, specifically the medical information for his parents. The Memorandum and exhibit thereto also contain personal information regarding the Defendant's background in supporting his family, work ethic and history, as well as the effect his incarceration has had emotionally and financially on his family. However, the Defendant's background in supporting his family, work ethic and history, as well as the effect his incarceration has had emotionally and financially on his family are central to Defendant's arguments.

Here, the Defendant has demonstrated that the Memorandum and exhibit thereto contain specific medical diagnosis and information regarding his family members, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, the information regarding the Defendant's background in supporting his family, work ethic and history, as well as the effect his incarceration has had emotionally and financially on his family are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions

of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum and exhibit thereto, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum and exhibit thereto are feasible.

Accordingly, the Defendant's Motion to Seal Sentencing Memorandum is granted in part and denied in part, and counsel shall be permitted to file the Sentencing Memorandum and exhibit thereto under seal. However, the Defendant shall also file a publicly accessible version of the Sentencing Memorandum and exhibit thereto redacting only those portions containing the specific medical diagnosis and information regarding the Defendant's family members, which are found in the Memorandum at line seven on page 2, line twenty-two on page 6, line five and lines eighteen through nineteen on page 7.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 32] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal Sentencing Memorandum is **GRANTED** to the extent that the Sentencing Memorandum [Doc. 33] and exhibit thereto [Doc. 33-1] shall be filed under seal and shall

remain under seal until further Order of the Court. The Defendant's Motion to Seal Sentencing Memorandum [Doc. 32] is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum and exhibit thereto on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: November 16, 2018

Martin Reidinger
United States District Judge